UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARY TWOMBLEY**<br>1830 R Street, NW, # 53<br>Washington, DC 20009-1641,<br>                Plaintiff,<br><br>      v.<br><br>**SCOTT A. FIKE**<br>4201 Landing Lane<br>Dunkirk, MD 20754-9313<br><br>   and<br><br>**THE DISTRICT OF COLUMBIA**<br>c/o Office of the Secretary<br>1350 Pennsylvania Avenue, NW, # 419<br>Washington, DC 20004-3003<br>            &<br>c/o Office of the Attorney General<br>441 4th Street, NW, # 1060N<br>Washington, DC 20001-2714,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br><br>Civil Action No. _____ |

### PLAINTIFF'S COMPLAINT FOR DAMAGES
(42 U.S.C. § 1983)

1. This is a civil action seeking damages against Defendants for acts, committed under color of law, subjecting Plaintiff to the deprivation of rights and privileges secured by the Constitution and laws of the United States

### Jurisdiction

2. The Court has jurisdiction in this action under 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. §§ 1331 and 1343.

## The Parties

3. The Plaintiff is, and was at the time of the occurrences addressed herein, a resident of the District of Columbia, residing at her above-captioned address, though at the time of her arrest in apartment 31.

4. The Defendant, Scott A. Fike, is, and was at the time of the occurrences addressed herein, a member of the Metropolitan Police Department, Badge No. 0967, Special Operations K-9 Division.

5. Mr. Fike, who at the time of the occurrences addressed herein was acting in the scope of his employment, is being sued in both his *official* and *personal* capacities.

6. The Defendant, the District of Columbia, is a municipal corporation, suable, by reason of Officer Fike's actions and the additional circumstances set forth herein, under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343.

## Preliminary Facts

7. On the morning of Memorial Day, Monday, May 30, 2005, having, with her then-fiancé, now-husband, Philip Kohn, returned home, the Plaintiff was unloading her car, with her dog, Abbie, waiting on the porch unleashed, when Officer Fike, temporarily residing there, exited the apartment building with his police dog.

8. When the two dogs began barking at each other, the Plaintiff immediately responded, running to, and securing, her dog, and taking her inside, where she stayed.

9. At Officer Fike's request, she returned with identification, never challenging Officer Fike's authority to issue her a citation for her dog's having been off-leash, but engaging him in a discussion.

10. Rather than issuing her a citation for her dog's having been off-leash, and polite-

2

ly leaving, Officer Fike chose to be confrontational and ramp up the conversation with the Plaintiff.

11. The Plaintiff never made physical contact with Officer Fike, and possessed no weapon of any kind, her only interaction with Officer Fike being in the form of speech.

12. From the time Officer Fike exited the apartment building on, no one other than himself, the Plaintiff and the Plaintiff's then-fiancé, now-husband, Philip Kohn, who was at all times calm, was anywhere in the vicinity.

13. Officer Fike, nonetheless, placed the Plaintiff under arrest for disorderly conduct, handcuffing her, escorting her to the street curb, and having her sit there until other officers arrived.

14. The Plaintiff at no time and in no manner resisted arrest.

15. The Plaintiff remained handcuffed, sitting on the street curb and then in a police car, for approximately forty-five minutes, while a number of officers of the Metropolitan Police Department, including a female officer who frisked her, two sergeants, an officer who transported her from the scene, and others, assembled, and a police lieutenant was contacted by phone.

16. During the entire time from the Plaintiff's arrest to her removal from the scene, no one other than Officer Fike, the Plaintiff, the Plaintiff's then-fiancé, now-husband, Philip Kohn, who was at all times calm, and the other police officers who arrived on the scene was anywhere in the vicinity.

17. The Plaintiff was transported to the 3rd Police District, where she was fingerprinted, photographed, and held in a jail cell for approximately two and a half hours, at the conclusion of which she was given a piece of paper, she was told contained the charges against her (the first time she was so advised), and which she was told she would need, though she was without her glasses, to sign in order to be released.

18. Mr. Kohn, who had traveled to the 3rd Police District, had in the meantime posted

3

$ 50 collateral.

19. Though Mr. Kohn had been assured multiple times that he would be informed as soon as the Plaintiff was released, the Plaintiff was released through a back door, with no knowledge Mr. Kohn was there, and with no money and no means of transportation.

20. The Plaintiff subsequently contacted, met with, and retained, an attorney, and filed with the Superior Court of the District of Columbia a Motion to Set Aside Forfeiture, which was granted and set arraignment for August 9, 2005, on which date, after spending nearly the entire morning in court with her attorney, she was informed there would be no prosecution.

21. The Plaintiff, through her attorney, thereafter filed a Motion for Sealing of Arrest Records and for Declaratory Relief, which the Court ultimately granted, finding "by clear and convincing evidence that the Defendant did not commit the crime of Disorderly Conduct", though, as a result of sustained inaction on the part of the Defendant District of Columbia, not until nine months after the motion had been filed.

22. Because of repeated failures on the part of the Defendant District of Columbia to comply with the Court's Order, a final certification of compliance was not filed with the Court until more than a year after entry of the Court's Order.

23. The Plaintiff, at the time of her arrest fifty one years of age, had never in her life, and has not since, been arrested on any charge whatsoever.

24. At the time of her arrest the Plaintiff was, and continues to be, employed by, and licensed as, as a nurse practitioner at the Washington Hospital Center, where she deals with stress on a daily basis, has never been reprimanded or had complaints filed against her, and has never had need to call security.

25. The Plaintiff's false arrest and false imprisonment necessitated her expending

4

funds to retain an attorney, and for a considerable period of time impacted her severely on an emotional and physical level, affecting her in a wide variety of ways on a daily basis in both her personal and her professional life.

## Count I
### Defendant Officer Scott A. Fike

25. The Plaintiff incorporates by reference paragraphs 1-25, *supra*.

26. Officer Fike's arrest, and ensuing imprisonment of the Plaintiff, was without probable cause in clear violation of the Plaintiff's rights under the Fourth Amendment to the U.S. Constitution.

## Count II
### Defendant District of Columbia

27. The Plaintiff incorporates by reference paragraphs 1-26, *supra*.

28. The Defendant District of Columbia has manifested a deliberate indifference insofar as the training, supervision and disciplining of its police officers with respect to the standards for arrests for disorderly conduct.

29. The Defendant District of Columbia's deliberate indifference was a substantial factor in the false arrest and false imprisonment of the Plaintiff.

WHEREFORE, the Plaintiff prays:

(a) that judgment be entered against the Defendants, jointly and severally, to compensate the Plaintiff for the consequences to her of her false arrest and false imprisonment, and to serve as a deterrent against such conduct;

(b) that judgment for punitive damages be entered against the Defendant, Scott A. Fike;

(c) that judgment be entered against the Defendants, jointly and severally, for the at-

5

torney's fees and costs incurred by the Plaintiff in this action; and

(d) that the Court grant such other and further relief as may be warranted.

### Jury Demand

The Plaintiff hereby requests a trial by jury on all issues of fact presented herein.

Respectfully submitted,

Date: May 30, 2008

_____

Carl V. Angelis
D.C. Bar # 357957
1217 S Street, N.W.
Washington, DC 20009-4327
(202) 328-9533
(202) 328-9036 (facsimile number)
cangelis1@earthlink.net

Attorney for Plaintiff

6

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Mary Twombley

*110 9*

## DEFENDANTS

Scott A. Fike
& The District of Columbia

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)   11001
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Carl V. Angelis, Counselor at Law
1217 S Street, N
Washington, DC 20009-4327
(202) 328-9533

AT

Case: 1:08-cv-00923
Assigned To : Robertson, James
Assign. Date : 5/30/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.  General Civil (Other)**   OR   ○ **F.  Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

DC Twice

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act) *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ **K.** *Labor/ERISA (non-employment)* | ⊙ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☒ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

⊙ **1 Original Proceeding**   ○ **2 Removed from State Court**   ○ **3 Remanded from Appellate Court**   ○ **4 Reinstated or Reopened**   ○ **5 Transferred from another district (specify)**   ○ **6 Multi district Litigation**   ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. 1983 (deprivation of constitutional rights; false arrest / false imprisonment)

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ **JURY DEMAND:** | Check YES only if demanded in complain **YES** ☒    **NO** ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE ___5/30/08___   SIGNATURE OF ATTORNEY OF RECORD ___Carl V. Angelis___

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.